```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 09-21730-CIV-GRAHAM
                        MAGISTRATE JUDGE P.A. WHITE
```

SANDY SAINTANGE,             :

   Petitioner,              :
                                             REPORT OF MAGISTRATE
                                                  JUDGE

                                                  28 U.S.C. §2241

UNITED STATES, et al.,       :

   Respondent.              :
_____

Sandy Saintange filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241-43 in the Middle District of Florida, seeking release from INS detention. The case was transferred to the Southern District of Florida.

To successfully challenge deportation the petitioner must establish that 1) the six month period for statutory removal as established in *Zadvydas v Davis*, 533 U.S. 678 (2001) had expired when the §2241 was filed, and 2) to provide evidence to believe that there is no significant likelihood of removal in the foreseeable future. <u>Akinwale v Ashcroft</u>, 287 F.3d 1050 (11 Cir. 2002).

The government filed its response stating that Saintange was due to be deported in early July. A supplemental order to show cause was issued ordering the government to inform the Court of the

petitioner's deportation status, on or before July 30, 2009. The government has filed a supplemental response indicating that the petitioner has been released from INS custody under an Order of Supervision on July 20, 2009, and is residing at a home address in Miami, Florida. (DE#21 (Exh A)

Clearly, the petitioner's release from ICE detention renders this petition moot. Article III of the Constitution limits the federal court jurisdiction to the consideration of cases and controversies. In order to satisfy the constitutional requirement, the petitioner must suffer or be threatened with an actual injury traceable to the defendant, which is likely to be redressed by a favorable judicial decision. <u>Soliman v. United State</u>, 296 F.3d 1237, 1243-44 (11 Cir. 2002). Once the petitioner is released, he must demonstrate an existing collateral consequence in order to maintain the suit. <u>Id.Spencer v Kemma</u>, 523 U.S. 1 (1998)

It is therefore recommended that this petition be dismissed as moot.

Dated this <u>10th</u> day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Sandy Sanitange, <u>Pro Se</u>
     1630 NW 125st St
     North Miami, FL 33167
     Address of Record

     Milton Aponte, AUSA
     Attorney of Record